UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNA YOUNG, et al.,

               Plaintiffs,

    v.

UNITED STATES OF AMERICA,

               Defendant.

CASE NO. C11-6043-BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
STAY DISCOVERY PENDING
CONSIDERATION OF
DEFENDANT'S MOTION TO
DISMISS

This matter comes before the Court on Defendant United States of America's ("United States") motion to stay discovery (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 21, 2011, Plaintiffs Donna Young, Gerald Young, and minor child J.Y. (collectively, "Youngs") filed a complaint in this Court alleging personal injury as the result of the National Park Service's ("NPS") negligence.  Dkt. 1 at 4-5.

On January 24, 2013, the United States filed a motion to dismiss (Dkt. 9) and a motion to stay discovery pending consideration of the motion to dismiss (Dkt. 12).  On February 4, 2013, the Youngs filed a response to the motion to stay discovery.  Dkt. 13.

On February 8, 2013, the United States filed a reply.  Dkt. 15.  On February 11, 2013, the Youngs filed a response to the motion to dismiss.  Dkt. 17.  On February 15, 2013, the United States filed a reply.  Dkt. 20.  On February 19, 2013, the Youngs filed a surreply to the motion to dismiss.  Dkt. 23.

## II. FACTUAL BACKGROUND

The Youngs bring their claim against the United States under the Federal Tort Claims Act ("FTCA").  They allege the NPS negligently failed to discover, warn, protect, and/or eliminate hazards in the area of the Jackson Visitor Center at Mount Rainier National Park.  Dkt. 1 at 4-5.  The Youngs assert that Donna Young was walking on a snow field south of the visitor center when, without warning, the snow collapsed under her feet and she fell into a hole, landing on a power transformer.  *Id.* at 2.  They further allege that the hole was created by heat from the transformer melting a cavern in the snow.  *Id.*  As a result of the fall, the Youngs allege that Donna Young sustained severe injuries and had to be rescued by park personnel and transported by helicopter to Harborview Medical Center.  *Id.*

To date, the Youngs have conducted a Fed. R. Civ. P. 30(b)(6) deposition of the NPS, in which the Park Service produced three witnesses to address the issues covered in the notice of deposition, and Ranger Ken Worstell, who conducted and prepared the Park Service investigation report about Donna Young's fall.  Dkt. 13 at 1.  The United States has deposed Gerald and Donna Young and their minor daughter.  *Id.* at 2.  The Youngs have requested depositions of employees of the NPS who may have information showing

1   the NPS knew or should have known of the danger posed to visitors by the transformer.

2   *Id*. at 2-3.

3   **III. DISCUSSION**

4   A stay of discovery is proper if the discovery sought is irrelevant to the dispositive

5   motion before the Court.  In *Alaska Cargo Transport Inc. v. Alaska R.R. Corp.*, 5 F.3d

6   378, 383 (9th Cir. 1993), the Ninth Circuit pointed out that a stay of discovery would be

7   improper if the discovery sought was relevant to the motion to dismiss.

8   Currently pending before this Court is the United States' motion to dismiss.  Dkt.

9   9.  The United States asserts dismissal is required because this Court lacks jurisdiction.

10   *Id*. at 1.  The United States, as sovereign, is immune from suit unless it consents to be

11   sued.  *See United States v. Mitchell*, 445 U.S. 535, 538  (1980); *Cato v. United States*, 70

12   F.3d 1103, 1107 (9th Cir. 1995).  The FTCA is a limited waiver of sovereign immunity,

13   rendering the United States liable for certain torts of federal employees.  *See* 28 U.S.C. §

14   1346(b).  There are, however, exceptions to the waiver.  The United States argues in its

15   motion to dismiss that the discretionary function exception applies to this case and

16   therefore the United States has not waived its sovereign immunity.  Dkt. 9 at 12.

17   Whether the discretionary function exception applies turns on a two-part test.  *Terbush v.*

18   *United States*, 516 F.3d 1125, 1135 (9th Cir. 2008) (*citing Berkovitz v. United States*, 486

19   U.S. 531, 536-37  (1988)).  In the first step, the court determines whether the challenged

20   actions involve an element of judgment or choice.  *Id.* (*quoting Berkovitz*, 486 U.S. at

21   536).  If the challenged actions do involve an element of judgment or choice, then the

22   court turns to the second step in the test.  *Id.*  The second step requires the court to decide

1   whether that judgment is of the kind that the discretionary function exception was

2   designed to shield, namely, only governmental actions and decisions based on

3   considerations of public policy. *Terbush*, 516 F.3d at 1130. If both prongs of the test are

4   met, the exception will shield the government from liability. The exception applies even

5   if the decision is an abuse of discretion. *Id.*

6         The Youngs seek to discover information from NPS employees that will show the

7   NPS knew or should have known of the dangers created by the transformer. Dkt. 13 at 2-

8   3. However, discovery as to whether the NPS knew or should have known that the

9   transformer posed a hazard seems to have no bearing on the pending motion to dismiss.

10  *See Mitchell v. United States*, 787 F.2d 466, 468 (9th Cir. 1986). The only apparently

11  relevant matters for the Court to consider in ruling on the United States' motion to

12  dismiss are (1) whether the NPS's policies and practices are discretionary, and (2)

13  whether the NPS's practices are policy-related.

### IV. ORDER

15        Therefore, it is hereby **ORDERED** that the United States' motion to stay

16  discovery (Dkt. 12) is **GRANTED**.

17        Dated this 27th day of February, 2013.

20  BENJAMIN H. SETTLE
    United States District Judge