HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA, WASHINGTON

| | |
|---|---|
| DONNA YOUNG, GERALD YOUNG, husband and wife, and as guardians for minor child J. Y., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. CV11-6043 BHS <br><br> **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES** <br><br> Noted for consideration on: June 19, 2015 |

## I. RELIEF REQUESTED

Plaintiffs Gerald and Donna Young, by and through their attorneys, Wayne Mitchell and Anderson & Mitchell, PLLC, respectfully move for partial summary judgment dismissing some or all affirmative defenses asserted by defendant.

## II. STATEMENT OF FACTS

This matter arises from severe injuries suffered by Donna Young on June 18, 2010, when she fell into a snow cavern formed by the heat given off by a transformer south of the Jackson Visitor Center (JVC) in Mount Rainier National Park. The transformer was approximately 8 to 10 feet below the surface of the snow, and the area was neither marked nor blocked off. (See Case Incident

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

Report, Ex. 3 to the Declaration of Wayne Mitchell in Support of Plaintiffs' Motion for Partial Summary Judgment.)

Ms. Young and her family were visiting the park in June 2010. When they arrived, there were a number of visitors walking on the snowfield south of the JVC. (Declaration of Donna Young in Support of Plaintiffs' Motion for Partial Summary Judgment at ¶3) The south snow-field was in full view of the south side of the JVC, which is dominated by a series of large windows. (Picture of transformer and JVC, Ex. 4 to the Mitchell Dec.) Ms. Young and her daughter went out on the snow after visiting the JVC, where her daughter spotted a small hole in the snow that was 2 to 3 inches across. (Young Dec. at ¶7.) She pointed the small hole out to Ms. Young, who walked over to it. As she looked down, the snow under her feet collapsed, dropping Ms. Young onto the transformer about 8 to 10 feet down. (Deposition of Jennifer Young. at p. 44, lines 5-16, Ex. 5 to the Mitchell Dec.) There were no signs or notices that the transformer was under the snow or that the area might be hazardous. (Young Dec. at ¶¶5-6.) Ms. Young suffered serious injuries.

Defendant has answered two different sets of discovery regarding its affirmative defenses. On May 23, 2012, it responded to an interrogatory directed toward its affirmative defenses as follows:

> Please see answers to Interrogatory Nos. 1, 3, 4 and 5. Furthermore, these affirmative defenses were pled to avoid waiver. Discovery has only recently commenced in this case and, therefore, this request may be premature. Defendant reserves the right to seasonably supplement and/or modify the answer to this Interrogatory as discovery proceeds.

(Ex. 1 to Mitchell Dec.) On March 12, 2015, defendant again responded to discovery requests seeking any facts supporting its affirmative defenses with the same form objections and the following:

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

> As previously stated in Defendant's Answer to Interrogatory No. 1, the parties are scheduled to depose plaintiff's snow expert, Stan Gale, and two witnesses who were employed with the National Park Service during the relevant time period and possibly, another government witness pursuant to Fed. R. Civ. P. 30(b)(6). Those witnesses may have information relevant to affirmative defenses regarding liability as pled in Defendant's Answer. Because discovery is not yet complete, Defendant remains unable to comprehensively respond to this interrogatory. Defendant will seasonably supplement this answer.

(Ex. 2 to Mitchell Dec.) No further supplementation has ever been provided. (Mitchell Dec. at ¶3.)

### III. STATEMENT OF ISSUES

Whether defendant has provided sufficient evidence to support its affirmative defenses, and if not, whether those defenses should be dismissed?

### IV. AUTHORITIES AND ANALYSIS

#### A. Summary Judgment Standard

The moving party is entitled to summary judgment under Fed. R. Civ. P. 56 ("Rule 56") "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where a nonmoving party will bear the ultimate burden of proof at trial, the moving party on motion for summary judgment bears both the initial burden of production and the ultimate burden of persuasion. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). To meet the burden of production, "the moving party must

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. Once the moving party meets its initial burden of persuasion, the nonmoving party must produce evidence to support its claim. Id. at 1103. If the nonmoving party fails to establish a genuine issue of material fact, the moving party is entitled to summary judgment. Id. All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

### B. Defendant Has Failed to Produce Evidence to Support Affirmative Defenses 4, 5, 6, 7, 8, and 9.

Defendant has asserted the following affirmative defenses alleging fault on the part of plaintiffs or other un-named entities:

> 4. The injuries and/or damages to Plaintiffs, as alleged in the Complaint, were proximately caused by the intervening or superseding act of one other than an employee or agent of the United States and were not caused by an act or omission of an employee of the United States.
>
> 5. Plaintiffs' negligence was a contributing cause or a cause-in-fact of the accident as alleged in the Complaint.
>
> 6. In the event the Court finds the United States negligent, which negligence the United States denies, the negligence of the Plaintiff is equal to or greater than that of the United States, and any recovery is barred.
>
> 7. In the event the Court finds the United States negligent, which negligence the United States denies, the negligence of the Plaintiffs contributed to causing their injuries and any recovery must be proportionately reduced.
>
> 8. All or a portion of the damages claimed by the Plaintiffs was neither caused nor contributed to by the alleged injuries sustained in this incident which forms the basis of this Complaint.

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

9. Plaintiffs' injuries and damages, if any, are the result of pre-existing conditions which preceded the accident forming the basis of the Complaint.

Answer at p. 5 (Dkt. 6.)

To date, defendant has produced no evidence in support of these defenses. Therefore, the Court should enter an order dismissing affirmative defenses 4 through 9.

### 1. Defendant Has Produced No Evidence That a Third Party Was Somehow Responsible for Ms. Young's Injuries.

Defendant's Fourth Affirmative Defense alleges that Ms. Young's injuries were caused by a third party not employed by defendant. Defendant has the burden of proof on this affirmative defense. To date, the Government has not even suggested any other person or entity that might bear some responsibility for Ms. Young's injuries, and it has produced no evidence to support such an assertion. Because the Government has the burden of proof on its Fourth Affirmative Defense, and it has produced no evidence to support the defense, the Fourth Affirmative Defense should be dismissed.

### 2. The Defendant Has Produced No Evidence that Ms. Young Was at Fault for Her Injuries.

When asked to produce facts supporting the affirmative defense that Ms. Young bore contributory or comparative fault for her injuries, defendant objected and stated that discovery was still continuing. (Ex. 1 and 2 to the Mitchell Dec.) To date, the defendant has produced no actual evidence that Ms. Young bears any fault for her injuries. Therefore the affirmative defenses of contributory (Fifth Affirmative Defense) and comparative (Seventh Affirmative Defense) fault should be dismissed.

The government has produced no evidence that Ms. Young had any notice that she should not have been in the area where she was injured. There were no warning signs or markers. Other park

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

visitors were in the same vicinity. The transformer was completely concealed by at least 8 feet of snow. The Park Service did not provide warnings of any sort that a snow cave might lie beneath the surface of the snow in the area adjacent to the Jackson Visitor Center.

Defendant has also not produced any evidence that the small, two to three inch hole in the snow observed by her daughter should have given Ms. Young notice that a dangerous pit lay beneath. Neither of the Youngs had any education or training regarding snow hazards. (Young Dec. at ¶8.) The government cannot establish that a reasonable person with the same knowledge as the Youngs would have been alerted to danger by the presence of such a small hole. Reasonable or ordinary care is that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. Gordon v. Deer Park Sch. Dist., 71 Wn.2d 119, 122, 426 P.2d 824 (1967). The Government has produced no evidence to establish that the Youngs should have recognized that such a small hole in the snow, in an area where other visitors had been and directly adjacent to the JVC, could be concealing a giant sinkhole. Therefore, the Fifth and Seventh Affirmative Defenses should be dismissed as a matter of law.

3.  **Defendant's Sixth Affirmative Defense Is Not Legally Valid in Washington.**

The government's Sixth Affirmative Defense states that Ms. Young's fault for her injuries exceeds the government's fault, and she is therefore not entitled to a recovery. This is no longer the law in Washington, if it ever was, and therefore this defense should be dismissed as a matter of law.

At one time, contributory fault could constitute a complete bar to a negligence claim. However, Washington law now "mandates comparative negligence in *all* cases involving fault." ESCA Corp. v. KPMG Peat Marwick, 86 Wn. App. 628, 634-636 (Wash. Ct. App. 1997). In ESCA, even though the bank was found 60% at fault for its damages, it was still allowed to collect the 40%

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

allocated to the defendant. The Court stated "Accordingly, we hold that contributory negligence is no longer a complete bar to recovery in negligent misrepresentation cases." Id. at 636. The government's Sixth Affirmative Defense is a misstatement of law and should be dismissed.

4. **Defendant Has Provided No Evidence that Any of Plaintiff's Alleged Damages Did Not Result from Her Fall or Were Pre-Existing.**

Defendant's Eighth and Ninth Affirmative Defenses contend plaintiff's alleged damages were either pre-existing or did not result from her fall.. The government has produced no evidence that plaintiff either suffered from any of the alleged injuries before she fell in the hole, or that those injuries resulted from some other cause. Because the defendant has the burden of proof on these affirmative defenses and has failed to carry its burden of production, the Eighth and Ninth Affirmative Defenses should be dismissed.

## V. CONCLUSION

The Government has the burden of proof to establish its affirmative defenses. The complete absence of proof in this case requires that the Fourth through Ninth Affirmative Defenses be dismissed.

Dated this 28th day of May, 2015,

Anderson & Mitchell, PLLC

By _____
Wayne E. Mitchell, WSBA # 24347
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491